UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BONNIE KRAHAM,

          Plaintiff,

-vs-

JONATHAN LIPPMAN, sued in his
individual and official capacity as Chief
Administrative Judge of the State of New York,
and OFFICE OF COURT ADMINISTRATION,

          Defendants.
------------------------------------------------------------X

FILED
U.S. DISTRICT COURT
2004 MAR -1  P 2: 59
S.D. OF N.Y. W.P.

**COMPLAINT**   ECF

**04 CIV. 1684**

**ROBINSON**

### I. INTRODUCTION

1. Plaintiff Bonnie Kraham brings this action to redress the violation of her First Amendment right to political association. Kraham is an attorney whose job search has been hampered by the recent enactment of a Rule prohibiting law firms from accepting judicial appointments if they employ attorneys holding a high-ranking position with a local political party. Plaintiff seeks to enjoin enforcement of this rule as well as damages for lost income resulting from this unconstitutional restriction.

### II. PARTIES

2. Plaintiff Bonnie Kraham is an attorney licensed to practice in New York State. She lives in Middletown, New York, within this Judicial district.

3. Jonathan Lippman is the Chief Administrative Judge of the State of New York. He is charged with enforcing Section 36.2(c)(4)(i) of the Rules of the Chief Judge of the State of New York.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

4. Office of Court Administration is the State agency responsible for enforcing the policies of the Courts of the State of New York.

## III. JURISDICTION AND VENUE

5. As plaintiff brings this constitutional challenge to § 36.2(c)(4)(i) of the Rules of the Chief Judge of the State of New York, this Honorable Court has jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

6. As plaintiff lives in the County of Orange, this case is venued in the Southern District of New York.

## IV. FACTUAL AVERMENTS

7. Plaintiff is an attorney licensed to practice law in the State of New York.

8. In September 2002, plaintiff was elected to the position of Co-Chair of the Orange County Democratic committee. She continues to hold that position.

9. In late 2002, the Chief Judge of the State of New York amended Part 36 of the Rules of the Chief Judge, <u>inter alia</u>, to prohibit certain political party officials or their law firms from receiving any court appointments. Standards and Administrative Policies § 36.2(c)(4)(i) reads: "No person who is the chair or executive director, or their equivalent, of a state or county political party, or the spouse, sibling, parent or child of that official, shall be appointed while that official serves in that position and for a period of two years after that official no longer holds that position. This prohibition shall apply to the members, associates, counsel and employees of any law firms or entities while the official is associated with that entity."

10. In or about June 2003, plaintiff considered entering into a partnership with an attorney who practices primarily in the area of elder law. This partnership would have been advantageous to plaintiff who has had extensive experience in wills, trusts and estate planning. However, the partnership could not reach fruition as it would have eliminated all income the other attorney derived from Article 81 appointments, critical to her elder law practice.

11. On October 2003 plaintiff discussed job opportunities with a large law firm located in Orange County. An attorney with that office told plaintiff that the firm would not consider hiring her because he receives judicially appointed work.

12. On December 4, 2003, plaintiff received a job offer from Norton & Christensen, a law firm in Goshen, New York. The firm would pay her $70,000 per year plus $300 per month for car expenses. Plaintiff would primarily handle commercial litigation for the firm.

13. This offer was withdrawn on or about December 9, 2003 after the firm determined it could not employ plaintiff in light of § 36.2(c)(4)(i). Specifically, an attorney who is "of counsel" to the firm receives judicial appointments and desired to continue receiving them.

14. On December 22, 2003, plaintiff wrote to the Office of Court Administration seeking a waiver from § 36.2(c)(4)(i). Plaintiff explained that, during her career as a lawyer since 1996, she had only "received about 5 judicial appointments as a referee in mortgage foreclosures. Orange County is a Republican dominated county and all but one of the County, Family, Supreme and Surrogate Court

3

judges are Republican." She added that she had been unemployed for several months and that she could not find work because of the limitations § 36.2(c)(4)(i) placed on judicial appointments.

15. After noting the financial hardship associated with her inability to find work, plaintiff wrote that, under § 36.2(c)(4)(i), she was disqualified from working for any firm that receives judicial appointments for two years even if she resigned her leadership position with the Orange County Democratic Party.

16. In requesting that the Office of Court Administration grant a waiver from § 36.2(c)(4)(i), plaintiff wrote:

> Based on the immediate financial and employment hardship wrought by the Part 36.2(c)(4) disqualification, as exhibited in my loss of a generous and specific offer, as well as two general rejections of possible employment or partnership, I respectfully request the following from the Office of Court Administration:
>
> 1. grant me a waiver of the application of the Part 36.2(c)(4) disqualification so that I can either accept the offer of December 4, 2003, if it were still available, without disqualifying the of counsel attorney or enable me to discuss employment with other firms that would not consider me an employee due to the disqualification, or
>
> 2. in the alternative, if the Office of Court Administration refuses to grant me a general waiver of the Part 36.2(c)(4) disqualification, extend the time to resign as Co-Chair of the Orange County Democratic Committee so that I may resign and not have the disqualification last for two years from the time of my resignation, or
>
> 3. implement another accommodation acceptable to the Office of Court Administration that would allow me to accept the offer of December 4, 2003, if it were still available, without disqualifying the of counsel attorney or enable me to discuss employment with other firms that heretofore would not consider me an employee due to the disqualification.

17. By letter dated December 29, 2003, Michael Colodner, Esq., counsel to the

Unified Court System, advised that "no waiver or accommodation can be granted" and that the "rule does not allow for any exceptions." Colodner added, "Section 36.2 is an absolute bar to a political party leader or his or her firm receiving judicial appointments. The intent of the rule was not only to curtail favoritism in appointments based upon significant political affiliations, but also to avoid any appearance of impropriety caused by the giving of judicial appointments to high ranking political leaders and their law firms. The Administrative Board of the Courts and the Court of Appeals believed that it was essential to the public's perception of the integrity of the judicial process that these appointments not occur."

18. Plaintiff remains unable to find work as an attorney. She would have been employed but for the unconstitutional restrictions placed upon law firms under § 36.2(c)(4)(i).

## IV. CAUSE OF ACTION

19. Plaintiff incorporates ¶¶ 1-18 as if fully re-stated here.

20. As it restricts and punishes political activity without a compelling State interest, § 36.2(c)(4)(i) violates the First Amendment right of political association.

WHEREFORE, plaintiff prays that this Honorable Court:

a.  accept jurisdiction over this matter;

b.  declare that § 36.2(c)(4)(i) violates the First Amendment;

c.  enjoin defendants from enforcing § 36.2(c)(4)(i) to the extent it violates the First Amendment;

d.  award to plaintiff back pay to compensate her for the loss of employment opportunities;

e.  award to plaintiff reasonable attorneys' fees under 42 U.S.C. § 1988 in connection with the prosecution of this case; and

e.  order any other relief deemed just and proper.

Dated:   March 1, 2004

Respectfully submitted,

*Stephen Best*

STEPHEN BERGSTEIN (6810)
HELEN G. ULLRICH (6597)

THORNTON, BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277

Counsel for plaintiff