UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
BONNIE KRAHAM,

        Plaintiff,

-vs-                                                04 Civ. 1684 (SCR)
                                                     ECF Case
JONATHAN LIPPMAN, sued in his
individual and official capacity as Chief          **PLAINTIFF'S RULE 56.1**
Administrative Judge of the State of New York,  **STATEMENT**
and OFFICE OF COURT ADMINISTRATION,

        Defendants.
--------------------------------------------------------X

1. Plaintiff Bonnie Kraham is an attorney licensed to practice law in the State of New York.  (Plaintiff aff. ¶ 2).

2. In September 2002, plaintiff was elected to the position of Co-Chair of the Orange County Democratic committee.  She held that position until September 2004.

3. In late 2002, the Chief Judge of the State of New York amended Part 36 of the Rules of the Chief Judge, <u>inter alia</u>, to prohibit certain political party officials or their law firms from receiving any court appointments.  Standards and Administrative Policies § 36.2(c)(4)(i) reads: "No person who is the chair or executive director, or their equivalent, of a state or county political party, or the spouse, sibling, parent or child of that official, shall be appointed while that official serves in that position and for a period of two years after that official no longer holds that position.  This prohibition shall apply to the members, associates, counsel and employees of any law firms or entities while the official is associated with that entity."  (Exhibit 1 to Plaintiff aff.).

4. In or about June 2003, plaintiff desired to enter into a partnership with an attorney who practices primarily in the area of elder law. The partnership could not reach fruition as it would have eliminated all income the other attorney derived from Article 81 appointments, critical to her elder law practice. (Plaintiff aff. ¶ 5).

5. In October 2003, plaintiff discussed job opportunities with a large law firm located in Orange County. An attorney with that office told plaintiff that the firm would not consider hiring her because he receives judicially appointed work. (Plaintiff aff. ¶ 6).

6. On December 4, 2003, plaintiff received a job offer from Norton & Christensen, a law firm in Goshen, New York. The firm would have paid her $70,000 per year plus $300 per month for car expenses. (Plaintiff aff. ¶ 7).

7. This offer was withdrawn on or about December 9, 2003 after the firm determined it could not employ plaintiff in light of § 36.2(c)(4)(i). Specifically, an attorney who is "of counsel" to the firm receives judicial appointments and desired to continue receiving them. (Plaintiff aff. ¶ 8).

8. On December 22, 2003, plaintiff wrote to the Office of Court Administration seeking a waiver from § 36.2(c)(4)(i). She explained that, during her career as a lawyer since 1996, she had only "received about 5 judicial appointments as a referee in mortgage foreclosures. Orange County is a Republican dominated county and all but one of the County, Family, Supreme and Surrogate Court judges are Republican." Plaintiff added that she had been unemployed for several months and could not find work because of the limitations § 36.2(c)(4)(i) placed on judicial appointments. (Exhibit 2 to plaintiff's aff.).

9. After noting the financial hardship associated with her inability to find work, plaintiff wrote that, under § 36.2(c)(4)(i), she was disqualified from working for any firm that receives judicial appointments for two years even if she resigned her leadership position with the Orange County Democratic Party.  Id.

10. In requesting that the Office of Court Administration grant a waiver from § 36.2(c)(4)(i), plaintiff wrote:

    Based on the immediate financial and employment hardship wrought by the Part 36.2(c)(4) disqualification, as exhibited in my loss of a generous and specific offer, as well as two general rejections of possible employment or partnership, I respectfully request the following from the Office of Court Administration:

    1.  grant me a waiver of the application of the Part 36.2(c)(4) disqualification so that I can either accept the offer of December 4, 2003, if it were still available, without disqualifying the of counsel attorney or enable me to discuss employment with other firms that would not consider me an employee due to the disqualification, or

    2.  in the alternative, if the Office of Court Administration refuses to grant me a general waiver of the Part 36.2(c)(4) disqualification, extend the time to resign as Co-Chair of the Orange County Democratic Committee so that I may resign and not have the disqualification last for two years from the time of my resignation, or

    3.  implement another accommodation acceptable to the Office of Court Administration that would allow me to accept the offer of December 4, 2003, if it were still available, without disqualifying the of counsel attorney or enable me to discuss employment with other firms that heretofore would not consider me an employee due to the disqualification. Id.

12. By letter dated December 29, 2003, Michael Colodner, Esq., counsel to the Unified Court System, advised that "no waiver or accommodation can be granted" and that the "rule does not allow for any exceptions."  Colodner added, "Section 36.2 is an absolute bar to a political party leader or his or her firm receiving judicial appointments.  The intent of the rule was not only to curtail

favoritism in appointments based upon significant political affiliations, but also to avoid any appearance of impropriety caused by the giving of judicial appointments to high ranking political leaders and their law firms.  The Administrative Board of the Courts and the Court of Appeals believed that it was essential to the public's perception of the integrity of the judicial process that these appointments not occur."  (Exhibit 3 to plaintiff aff.).

Dated:     November 19, 2004

          S/_____
STEPHEN BERGSTEIN (6810)

THORNTON, BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277

Counsel for plaintiff