# EXHIBIT C

# ADMINISTRATIVE ORDER OF THE
## CHIEF JUDGE OF THE STATE OF NEW YORK

Pursuant to the authority vested in me, and upon consultation with the Administrative Board of the Courts, and with the approval of the Court of Appeals of the State of New York, I hereby repeal the existing Part 36 of the Rules of the Chief Judge [22 NYCRR] and adopt the attached new Part 36 of those Rules, entitled "Appointments By The Court."

The adoption of the new Part 36 and the repeal of the existing Part 36 shall be effective on June 1, 2003, except that subdivision (c) of section 36.2 of the new Part 36, entitled "Disqualifications from appointment", shall be effective on January 1, 2003; the prohibition in paragraphs (4)(i) and (5) of subdivision (c) shall be effective only as to persons who hold the designated offices after January 1, 2003; and the prohibition in paragraph (4)(i) of subdivision (c) relating to members, associates, counsel and employees of law firms and entities shall be effective on June 1, 2003.

Attest: _____
Clerk of the Court of Appeals

_____
Chief Judge of the State of New York

Dated:   November 15, 2002

AO/ 02    /02

# PART 36.  APPOINTMENTS BY THE COURT

## 36.0  Preamble

Public trust in the judicial process demands that appointments by judges be fair, impartial and beyond reproach. Accordingly, these rules are intended to ensure that appointees are selected on the basis of merit, without favoritism, nepotism, politics or other factors unrelated to the qualifications of the appointee or the requirements of the case.

The rules cannot be written in a way that foresees every situation in which they should be applied. Therefore, the appointment of trained and competent persons, and the avoidance of factors unrelated to the merit of the appointments or the value of the work performed are the fundamental objectives that should guide all appointments made, and orders issued, pursuant to this Part.

## 36.1  Application

(a)  Except as set forth in subdivision (b), this Part shall apply to the following appointments made by any judge or justice of the Unified Court System:

    (1)  guardians;

    (2)  guardians ad litem, including guardians ad litem appointed to investigate and report to the court on particular issues, and their counsel and assistants;

    (3)  law guardians who are not paid from public funds, in those judicial departments where their appointments are authorized;

    (4)  court evaluators;

    (5)  attorneys for alleged incapacitated persons;

    (6)  court examiners;

    (7)  supplemental needs trustees;

(8)   receivers;

(9)   referees (other than special masters and those serving otherwise in a quasi-judicial capacity);

(10)  the following persons or entities performing services for guardians or receivers:

    (i)   counsel
    (ii)  accountants
    (iii) auctioneers
    (iv)  appraisers
    (v)   property managers
    (vi)  real estate brokers

(b)  Except for sections 36.2(c)(6) and 36.2(c)(7), this Part shall not apply to:

(1)  appointments of law guardians pursuant to section 243 of the Family Court Act, guardians ad litem pursuant to section 403-a of the Surrogate's Court Procedure Act, or the Mental Hygiene Legal Service;

(2)  the appointment of, or the appointment of any persons or entities performing services for, any of the following:

    (i)   a guardian who is a relative of the subject of the guardianship proceeding; a person or entity nominated as guardian by the subject of the proceeding; a person or entity proposed as guardian by a party to the proceeding; or a person or entity having a legally recognized duty or interest with respect to the subject of the proceeding;

    (ii)  a guardian ad litem nominated by an infant of 14 years of age or over;

    (iii) a nonprofit institution performing property management or personal needs services, or acting as court evaluator;

2

    (iv)  a bank or trust company as a depository for funds or as a supplemental needs trustee;

    (v)  a public administrator or public official vested with the powers of an administrator;

    (vi)  a person or institution whose appointment is required by law;

    (vii)  a physician whose appointment as a guardian ad litem is necessary where emergency medical or surgical procedures are required.

    (3) an appointment other than above without compensation, except that the appointee must file a notice of appointment pursuant to section 36.4(a) of this Part.

## 36.2 Appointments

    (a) **Appointments by the judge.** All appointments of the persons or entities set forth in section 36.1, including those persons or entities set forth in section 36.1(a)(10) who perform services for guardians or receivers, shall be made by the judge authorized by law to make the appointment. In making appointments of persons or entities to perform services for guardians or receivers, the appointing judge may consider the recommendation of the guardian or receiver.

    (b) **Use of lists.** (1) All appointments pursuant to this Part shall be made by the appointing judge from the appropriate list of applicants established by the Chief Administrator of the Courts pursuant to section 36.3 of this Part.

    (2) An appointing judge may appoint a person or entity not on the appropriate list of applicants upon a finding of good cause, which shall be set forth in writing and shall be filed with the fiduciary clerk at the time of the making of the appointment. The appointing judge shall send a copy of such writing to the Chief Administrator. A judge may not appoint a person or entity that has been removed from a list pursuant to section 36.3(e).

3

(3)  Appointments made from outside the lists shall remain subject to all of the requirements and limitations set forth in this Part, except that the appointing judge may waive any education and training requirements where completion of these requirements would be impractical.

(c) **Disqualifications from appointment.**  (1) No person shall be appointed who is a judge or housing judge of the Unified Court System of the State of New York, or who is a relative of, or related by marriage to, a judge or housing judge of the Unified Court System within the sixth degree of relationship.

(2) No person serving as a judicial hearing officer pursuant to Part 122 of the Rules of the Chief Administrator shall be appointed in actions or proceedings in a court in a county where he or she serves on a judicial hearing officer panel for such court.

(3) No person shall be appointed who is a full-time or part-time employee of the Unified Court System.  No person who is the spouse, sibling, parent or child of an employee who holds a position at salary grade JG24 or above, or its equivalent, shall be appointed by a court within the judicial district where the employee is employed or, with respect to an employee with statewide responsibilities, by any court in the state.

(4)(i) No person who is the chair or executive director, or their equivalent, of a state or county political party, or the spouse, sibling, parent or child of that official, shall be appointed while that official serves in that position and for a period of two years after that official no longer holds that position.  This prohibition shall apply to the members, associates, counsel and employees of any law firms or entities while the official is associated with that firm or entity.

(ii) No person who has served as a campaign chair, coordinator, manager, treasurer or finance chair for a candidate for judicial office, or the spouse, sibling, parent or child of that person, or anyone associated with the law firm of that person, shall be appointed by the judge for whom that service was performed for a period of two years following the judicial election.

(5) No former judge or housing judge of the Unified Court System, or the spouse, sibling, parent or child of such judge, shall be appointed, within two years from the date the judge left judicial office, by a court within the jurisdiction where the judge served.  Jurisdiction is defined as follows:

4

(i)   The jurisdiction of a judge of the Court of Appeals shall be statewide.

ii)   The jurisdiction of a justice of an Appellate Division shall be the judicial department within which the justice served.

(iii)  The jurisdiction of a justice of the Supreme Court and a judge of the Court of Claims shall be the principal judicial district within which the justice or judge served.

(iv)  With respect to all other judges, the jurisdiction shall be the principal county within which the judge served.

(6)   No attorney who has been disbarred or suspended from the practice of law shall be appointed during the period of disbarment or suspension.

(7)   No person convicted of a felony, or for five years following the date of sentencing after conviction of a misdemeanor (unless otherwise waived by the Chief Administrator upon application), shall be appointed unless that person receives a certificate of relief from disabilities.

(8)   No receiver or guardian shall be appointed as his or her own counsel, and no person associated with a law firm of that receiver or guardian shall be appointed as counsel to that receiver or guardian, unless there is a compelling reason to do so.

(9)   No attorney for an alleged incapacitated person shall be appointed as guardian to that person, or as counsel to the guardian of that person.

(10)  No person serving as a court evaluator shall be appointed as guardian for the incapacitated person except under extenuating circumstances that are set forth in writing and filed with the fiduciary clerk at the time of the appointment.

(d) **Limitations based upon compensation.** (1) No person or entity shall be eligible to receive more than one appointment within a calendar year for which the

5

compensation anticipated to be awarded to the appointee in any calendar year exceeds the sum of $5000.

(2) If a person or entity has been awarded more than an aggregate of $50,000 in compensation by all courts during any calendar year, the person or entity shall not be eligible for compensated appointments by any court during the next calendar year.

(3) For purposes of this Part, the term "compensation" shall mean awards by a court of fees, commissions, allowances or other compensation, excluding costs and disbursements.

## 36.3  Procedure for appointment

(a) **Application for appointment.**  The Chief Administrator shall provide for the application by persons or entities seeking appointments pursuant to this Part on such forms as shall be promulgated by the Chief Administrator.  The forms shall contain such information as is necessary to establish that the applicant meets the qualifications for the appointments covered by this Part and to apprise the appointing judge of the applicant's background.

(b) **Qualifications for appointment.**  The Chief Administrator shall establish requirements of education and training for placement on the list of available applicants.  These requirements shall consist, as appropriate, of substantive issues pertaining to each category of appointment -- including applicable law, procedures, and ethics -- as well as explications of the rules and procedures implementing the process established by this Part.  Education and training courses and programs shall meet the requirements of these rules only if certified by the Chief Administrator.  Attorney participants in these education and training courses and programs may be eligible for continuing legal education credit in accordance with the requirements of the Continuing Legal Education Board.

(c) **Establishment of lists.**  The Chief Administrator shall establish separate lists of qualified applicants for each category of appointment, and shall make available such information as will enable the appointing judge to be apprised of the background of each applicant.  The Chief Administrator may establish more than one list for the same appointment category where appropriate to apprise the appointing judge of applicants who have substantial experience in that category. Pursuant to section 81.32(b) of the Mental Hygiene Law, the Presiding Justice of the appropriate Appellate Division shall designate

6

the qualified applicants on the lists of court examiners established by the Chief Administrator.

(d) **Reregistration.** The Chief Administrator shall establish a procedure requiring that each person or entity on a list reregister every two years in order to remain on the list.

(e) **Removal from list.** The Chief Administrator may remove any person or entity from any list for unsatisfactory performance or any conduct incompatible with appointment from that list, or if disqualified from appointment pursuant to this Part. A person or entity may not be removed except upon receipt of a written statement of reasons for the removal and an opportunity to provide an explanation and to submit facts in opposition to the removal.

## 36.4 Procedure after appointment

(a) **Notice of appointment and certification of compliance.** (1) Every person or entity appointed pursuant to this Part shall file with the fiduciary clerk of the court from which the appointment is made, within 30 days of the making of the appointment, (i) a notice of appointment and (ii) a certification of compliance with this Part, on such form as promulgated by the Chief Administrator. Copies of this form shall be made available at the office of the fiduciary clerk and shall be transmitted by that clerk to the appointee immediately after the making of the appointment by the appointing judge. An appointee who accepts an appointment without compensation need not complete the certification of compliance portion of the form.

(2) The notice of appointment shall contain the date of the appointment and the nature of the appointment.

(3) The certification of compliance shall include: (i) a statement that the appointment is in compliance with sections 36.2(c) and (d); and (ii) a list of all appointments received during the current calendar year and the year immediately preceding the current calendar year, which shall contain (A) the name of the judge who made each appointment, (B) the compensation awarded, and (C) where compensation remains to be awarded, (i) the compensation anticipated to be awarded and (ii) separate identification of those appointments for which compensation of $5000 or more is anticipated to be awarded during any calendar year. The list shall include the appointment for which the filing is made.

7

(4) A person or entity who is required to complete the certification of compliance, but who is unable to certify that the appointment is in compliance with this Part, shall immediately so inform the appointing judge.

(b) **Approval of compensation.** (1) Upon seeking approval of compensation of more than $500, an appointee must file with the fiduciary clerk, on such form as is promulgated by the Chief Administrator, a statement of approval of compensation, which shall contain a confirmation to be signed by the fiduciary clerk that the appointee has filed the notice of appointment and certification of compliance.

(2) A judge shall not approve compensation of more than $500, and no compensation shall be awarded, unless the appointee has filed the notice of appointment and certification of compliance form required by this Part and the fiduciary clerk has confirmed to the appointing judge the filing of that form.

(3) Each approval of compensation of $5,000 or more to appointees pursuant to this section shall be accompanied by a statement, in writing, of the reasons therefor by the judge. The judge shall file a copy of the order approving compensation and the statement with the fiduciary clerk at the time of the signing of the order.

(4) Compensation to appointees shall not exceed the fair value of services rendered. Appointees who serve as counsel to a guardian or receiver shall not be compensated as counsel for services that should have been performed by the guardian or receiver.

(c) **Reporting of compensation received by law firms.** A law firm whose members, associates and employees have had a total of $50,000 or more in compensation approved in a single calendar year for appointments made pursuant to this Part shall report such amounts on a form promulgated by the Chief Administrator.

(d) **Exception.** The procedure set forth in this section shall not apply to the appointment of a referee to sell real property and a referee to compute whose compensation for such appointments is not anticipated to exceed $550.

**36.5 Publication of appointments.** (a) All forms filed pursuant to section 36.4 shall be public records.

8

(b) The Chief Administrator shall arrange for the periodic publication of the names of all persons and entities appointed by each appointing judge, and the compensation approved for each appointee.