UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BONNIE KRAHAM,

                Plaintiff,                04 Civ 1684 (SCR)

      -against-

JONATHAN LIPPMAN, sued in his individual
and official capacity as Chief Administrative
Judge of the State of New York; and
OFFICE OF COURT ADMINISTRATION,

                Defendants.

---

## DEFENDANTS' REPLY MEMORANDUM OF LAW

 

MICHAEL COLODNER
Attorney for Defendants
25 Beaver Street - 11th Floor
New York, New York 10004
(212) 428-2150

JOHN EISEMAN
SHAWN KERBY
    Of Counsel

TABLE OF CONTENTS

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      SECTION 36.2(c)(4)(i) OF THE RULES
      OF THE CHIEF JUDGE DOES NOT
      VIOLATE PLAINTIFF'S FREEDOM
      OF POLITICAL ASSOCIATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

      A.    The Appropriate Level of Scrutiny
            for Section 36.2(c)(4)(i) is a Rational
            Basis Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.    Section 36.2(c)(4)(i) is Narrowly Tailored
            to Further a Compelling State Interest . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

**CASES**                                           **Page**

Colorado Republican Federal Campaign Commission v.
Federal Election Commission, 518 U.S. 604, 116 S.Ct. 2309 (1996) . . . . . . . . . . . 6

Fletcher v. Marino, 882 F.2d 605 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Matter of Raab, 100 N.Y.2d 305, 313, 753 N.Y.S.2d 213, 216 (2003) . . . . . . . . . . . . . . . 6

Molinaro v. Conflicts of Interest Board, __F.Supp.2d__,
1991 WL 22849 (E.D.N.Y. February 8, 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Nicholson v. State Commission on Judicial Conduct,
50 N.Y.2d 597, 607-08, 431 N.Y.S.2d 340, 345 (1980) . . . . . . . . . . . . . . . . . . . . . 6


**STATUTES**

Public Officers Law, § 73 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6


**RULES OF THE CHIEF JUDGE**

22 NYCRR § 36.2(c)(4)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .passim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BONNIE KRAHAM,

                        Plaintiff,                04 Civ 1684 (SCR)

    -against-

JONATHAN LIPPMAN, sued in his individual
and official capacity as Chief Administrative
Judge of the State of New York; and
OFFICE OF COURT ADMINISTRATION,

                        Defendants.

---

DEFENDANTS' REPLY
MEMORANDUM OF LAW

Preliminary Statement

This memorandum of law is submitted on behalf of defendants in response to certain claims raised in plaintiff's reply memorandum of law, dated January 7, 2005, relating to plaintiff's contention that 22 NYCRR § 36.2(c)(4)(i) violates her First Amendment right of political association. The Court respectfully is referred to defendants' initial memorandum of law, dated December 28, 2005, for a full exposition of defendants' position on their cross-motion for summary judgment.

ARGUMENT

SECTION 36.2(c)(4)(i) OF THE RULES
OF THE CHIEF JUDGE DOES NOT
VIOLATE PLAINTIFF'S FREEDOM
OF POLITICAL ASSOCIATION

As set forth in detail in defendants' initial memorandum of law (pp. 6-19), because section 36.2(c)(4)(i) of the Rules of the Chief Judge does not directly affect plaintiff's right of political association, the appropriate standard of review is a rational basis standard, but even if the rule at issue is strictly scrutinized, the rule nevertheless is narrowly tailored to further defendants' compelling interest in preventing the appearance of a politically biased fiduciary appointment process. In response, plaintiff asserts that her inability to find legal employment with specific law firms that seek to continue to receive fiduciary appointments constitutes a burden on her freedom of political association; that such an employment burden is "significant" enough to require a strict scrutiny standard; and that section 36.2(c)(4)(i) is not narrowly tailored because "there is no compelling need for the two-year restriction or a non-waiver policy." (Plaintiff's Reply Memorandum of Law, pp. 1-7). Plaintiff is wrong.

2

      A.      The appropriate level of scrutiny of section 36.2(c)(4)(i)
is the rational basis standard.

Plaintiff suggests that because she allegedly has had difficulty finding employment with law firms that continued to seek fiduciary appointments, such difficulty constitutes a significant impact on her freedom of political association, which thereby warrants strict scrutiny here. However, the appropriate standard of review to evaluate the constitutionality of section 36.2(c)(4)(i) does not turn on the ability, or inability, of plaintiff to find legal employment, paid or unpaid, with law firms that seek to continue to receive fiduciary appointments. Rather, the determination whether to apply a rational basis or strict scrutiny standard here is based upon the nature of the impact that section 36.2(c)(4)(i) has on plaintiff's freedom of political association.

As set forth in detail in defendants' initial memorandum of law (pp. 6-13), rational basis is the appropriate standard of review here because section 36.2(c)(4)(i) does not <u>directly</u> burden plaintiff's fundamental political association rights. Any effect that the rule has on plaintiff's ability to obtain legal employment with law firms that seek to

3

continue to receive fiduciary appointments[1] does not constitute a direct infringement on her freedom of political association, but is, at most, an indirect and limited burden on a non-political activity that is wholly outside of her political party activities.

As set forth in defendants' initial memorandum of law (pp. 8-10), the courts in Fletcher v. Marino, 882 F.2d 605 (2d Cir. 1989), and Molinaro v. Conflicts of Interest Board, __F.Supp.2d__, 1991 WL 22849 (E.D.N.Y. February 8, 1991), applied a rational basis standard of review to uphold limitations on a political party official's ability to serve simultaneously in another office because the restrictions on dual office holding did not constitute significant and direct infringements upon a fundamental political association freedom. Plaintiff attempts to distinguish Fletcher and Molinaro on the grounds that her alleged loss of paid employment opportunities is more significant than the loss in Fletcher to serve on an unpaid community school board, and that the restriction in Molinaro infringed on party involvement, not employment opportunities. However, the decisions to apply a rational basis standard in Fletcher and Molinaro were not based upon issues pertaining to compensation or employment opportunities. Rather, the restrictions in both

---

[1]Plaintiff does not even attempt to dispute defendants' demonstration that plaintiff is free to pursue a whole host of other legal employment (Defendants' initial Memorandum of Law, p. 11). Contrary to plaintiff's suggestion, for purposes of this cross-motion for summary judgment, defendants do not factually dispute plaintiffs' claim that she was unable to find the legal employment described in her complaint. Defendants assert that any difficulty plaintiff may have had in obtaining certain particular legal employment does not constitute a burden on her freedom of political association. Defendants' demonstration that plaintiff is not foreclosed from other avenues of legal employment does not raise a factual dispute over the existence or nonexistence of the past employment opportunities alleged in her complaint that would preclude a summary judgment decision by this Court. (Plaintiff's Reply Memorandum of Law, p. 5).

4

cases were upheld under a rational basis review because, like here, they amounted to a limited and indirect impact on an outside non-political activity, as opposed to a significant and direct infringement upon right of political association.

While plaintiff's inability to find certain types of paid legal employment may be a "significant" matter in her opinion, within the context of a First Amendment claim, it is not the equivalent of a significant or direct burden on a fundamental political association freedom, and therefore does not require a strict scrutiny standard of review.

    B.    Section 36.2(c)(4)(i) is narrowly tailored to further a compelling state interest.

Even if section 36.2(c)(4)(i) were subjected to strict scrutiny, that section still is constitutional, because it is narrowly tailored to further a compelling state interest. Indeed, plaintiff does not controvert that defendants have a compelling interest in ensuring that judicial fiduciary appointments are free from political influence. Instead, plaintiff asserts that the section is not narrowly tailored because there is no "compelling need" for a two-year restriction on appointments after leaving a high-level political party position or for a "non-waiver policy." (Plaintiff's Reply Memorandum of Law, p. 7). Plaintiff misses the point.

Section 36.2(c)(4)(i) is narrowly tailored to further defendants' compelling interest in an unbiased fiduciary appointment process because it applies to the specific category of individuals that the Special Inspector General for Fiduciary Appointments and the

5

Commission on Fiduciary Appointments found were receiving politically motivated fiduciary appointments – the political party leaders and their law firms. See Colorado Republican Federal Campaign Commission v. Federal Election Commission, 518 U.S. 604, 609; 116 S.Ct. 2309 (1996); Matter of Raab, 100 N.Y.2d 305, 313; 753 N.Y.S.2d 213, 216 (2003); Nicholson v. State Commission on Judicial Conduct, 50 N.Y.2d 597, 607-08; 431 N.Y.S.2d 340, 345 (1980).

Defendant's claim that the report by the Commission on Fiduciary Appointments ("Commission") "do[es] not even suggest a two-year prohibition against fiduciary appointments after the attorney resigns her political involvement" (Plaintiff's Reply Memorandum of Law, p. 7), is belied by the specific recommendation in the report (see Lippman Affidavit, Appendix "B," p. 39), that "State and county political party chairs, and their immediate relatives, be prohibited from receiving fiduciary appointments while they serve in that position and for a period of two years after they step down." (Emphasis added). Also, as reflected in the Affidavit of Chief Administrative Judge Jonathan Lippman, that two-year period was selected consistent with restrictions established in section 73 of the Public Officers Law, which limits the professional activities of state officers, employees, and party officers for two years after they leave state employment (Lippman Affidavit, pp. 10-11). Like the two-year restriction in the Public Officers Law, the two-year restriction in section 36.2(c)(4)(i) furthers defendants' interest in a fiduciary appointment process that is free from political influence from current high-ranking

6

political officials and for a two-year time period after they leave office, within which time period it is reasonable to presume that such high-ranking political officials can remain politically influential.[2]

Plaintiff's repeated assertion that the section is not narrowly tailored to further defendants' interest because defendants will not grant waivers (Plaintiff's Memorandum of Law, p. 6) is unmindful of the reality that waivers would undermine the purpose of section 36.2(c)(4)(i). Because the section eliminates the appearance of a politically corrupt fiduciary appointment process by removing judicial discretion in appointing certain political party officials, waivers, "careful" or not, would permit judges to again exercise the very discretion that necessitated the investigation into the appointment process and the subsequent promulgation of section 36.2(c)(4)(i). In any event, plaintiff's

---

[2] Plaintiff suggests that because the Commission did not recommend banning appointments of "all elected officials," there is no compelling need for section 36.2(c)(4)(i). (Plaintiff's Reply Memorandum of Law, p. 7). Plaintiff's reference to that portion of the report by the Commission is taken out of context, and in any event the claim is without merit. Read in context (see Lippman Affidavit, Appendix "B," pp. 39-40), the report distinguished between political party leaders and "all elected officials" with regard to the finding that political party leaders specifically, as opposed to all elected officials, because the investigation did not reveal that all elected officials received large numbers of appointments or particularly high-paying appointments, but rather the investigation specifically revealed that political party leaders received a high number of fiduciary appointments. The Commission thus concluded that it would be overinclusive to restrict the fiduciary appointments of "all elected officials," and limited its recommendation to restricting the appointments of political party leaders. Plaintiff's suggestion to the contrary, the report directly supports the fact that defendants precisely tailored section 36.2(c)(4)(i) to apply only to those individuals who were found to be benefitting from politically motivated fiduciary appointments – high-level political party officials like plaintiff. That defendants did not extend section 36.2(c)(4)(i) to all elected officials further supports the fact that defendants sought to tailor the section as narrowly as possible without undermining its purpose to eliminate the appearance of a politically biased fiduciary appointment system.

claim that waivers are an alternative means of furthering defendants' interest does not negate the fact that the existing section is narrowly tailored, indeed precisely tailored, to further the interest in a fiduciary appointment system free from the appearance of corrupting political influence.

The essential facts of this case are not in dispute. The only remaining issue is the legal conclusions to be drawn from those facts. Whether the rational basis standard or the strict scrutiny standard is applied here, section 36.2(c)(4)(i) does not violate plaintiff's First Amendment right of political association. As such, defendants' motion for summary judgment should be granted, and the complaint should be dismissed.

Dated: New York, New York
January 20, 2005

Respectfully submitted,

MICHAEL COLODNER
Attorney for Defendants
25 Beaver Street - 11th Floor
New York, New York 10004
(212) 428-2150

By: _____
SHAWN KERBY (SK 1339)
Assistant Deputy Counsel

JOHN EISEMAN
SHAWN KERBY
    Of Counsel

8